UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

ROBKIEM BROWN and HASSAN BOUCHET,

                         Plaintiffs,

               -against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, JAMES P. O'NEILL Commissioner of the
New York City Police Department, POLICE OFFICER
ADEKUNDLE LONGE, SHIELD NO.: 1917, AND NEW
YORK CITY POLICE OFFICERS JOHN DOES
(names and shield numbers of whom are presently
unknown) and other unidentified members of THE
NEW YORK CITY POLICE DEPARTMENT,

                         Defendants.

------------------------------------------------------------

**COMPLAINT**

DOCKET NO.:

**JURY TRIAL DEMANDED**

**Preliminary Statement**

1. This is a civil rights action brought to vindicate the plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the  United States, and under the Civil Rights Act, 42 U.S.C. §1983 and the laws of the State of New York.   Plaintiffs' ROBKIEM BROWN'S and HASSAN BOUCHET'S rights were violated when on August 31, 2016 in Bronx County, Defendant police officers acting under color of state law, forcibly seized them while lawfully in a relative's private residence without any justification or hint of criminal activity, informed them that they were being detained and subsequently arrested on robbery charges because they were looking for two African American males and the Plaintiffs were African American.  Plaintiffs were prosecuted for felonies following a September 2, 2016 indictment and all criminal charges stemming from that seizure, detention and arrest were ultimately dismissed four (4) months later after Plaintiff

1

BROWN had been incarcerated for approximately six (6) weeks and Plaintiff BOUCHET had been incarcerated for approximately two (2) weeks.   By reason of defendants' actions, including their racial profiling and racial animus, their false arrest, false imprisonment and malicious prosecution of Plaintiffs, ROBKIEM BROWN and HASSAN BOUCHET were deprived of their constitutional, statutory and common law rights.

2.  Plaintiff seeks an award of compensatory and punitive damages and attorneys' fees.

**JURISDICTION AND VENUE**

3.  This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §1331, 1343.  This action is brought pursuant to 42 U.S.C. §1983 and 1988 and the Fourth and Fourteenth Amendments of the Constitution of the United States.

4.  Venue is proper pursuant to 28 U.S.C. §1391 (b) in that Plaintiffs' claim arose in the Southern District of New York and Plaintiffs reside   in that district.

5.  An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. §1988.

6.  The plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all state law claims and causes of actions which derive from the same nucleus of operative facts and are part of the same case or controversy that give rise to the

2

federally based claims and causes of action.

## PARTIES

7.      All Plaintiffs reside and at all times hereinafter mentioned, resided in Bronx County, State of New York.

8.      Defendant, THE CITY OF NEW YORK, is a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The defendant assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by THE NEW YORK CITY POLICE DEPARTMENT.

9.      JAMES P. O'NEILL (O'NEILL)  has been the Police Commissioner of the New York City Police Department since September, 2016, and was acting in such capacity at all times relevant herein.   He is sued in his official capacity.

10.     POLICE OFFICER ADEKUNDLE LONGE, SHIELD NO.: 1917, AND NEW YORK CITY POLICE OFFICERS JOHN DOES (names and shield numbers of whom are presently unknown) and other unidentified members of THE NEW YORK CITY POLICE

DEPARTMENT (the "Individual Defendants") are and were at all times relevant herein, officers, employees and agents of THE NEW YORK CITY POLICE DEPARTMENT. The Individual Defendants are being sued herein in their individual and official capacities.

11. At all times relevant herein, the Individual Defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of The New York City Police Department, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of THE NEW YORK CITY POLICE DEPARTMENT at all times relevant herein, with the power and authority vested in them as officers, agents and employees of THE NEW YORK CITY POLICE DEPARTMENT and incidental to the lawful pursuit of their duties as officers, employees and agents of THE NEW YORK CITY POLICE DEPARTMENT.

### STATEMENT OF FACTS

11. Plaintiffs are African-American and are citizens of the United States. They had and have no criminal record.

12. On August 31, 2016, starting at 9:00 P.M., Plaintiffs were in their cousin's apartment at 2775 Dewey Avenue in Bronx County with several relatives and friends.

13.     POLICE OFFICER ADEKUNDLE LONGE, SHIELD NO.: 1917, AND NEW YORK CITY
        POLICE OFFICERS JOHN DOES had learned that, at approximately 2:00 A.M., two
        African-American males had allegedly robbed and beaten a livery taxi drive at or near 344
        Swinton Avenue in Bronx County.

14.     POLICE OFFICER ADEKUNDLE LONGE, SHIELD NO.: 1917, AND NEW YORK CITY
        POLICE OFFICERS JOHN DOES  had no other information other than they were
        looking for two African-America males. who had allegedly taken a tablet computer, a
        cellphone and $200.00 cash from the livery taxi driver.

15.     Moments after 2:00 A.M., police officers with their weapons drawn, barged into the
        apartment in 2775 Dewey Avenue and dragged Plaintiffs out onto the street simply because
        Plaintiffs were African-American.

16.     Plaintiffs did not have a tablet computer or a cell-phone or the $200.00.    The taxi driver
        was a black male of African descent and POLICE OFFICER ADEKUNDLE LONGE, SHIELD
        NO.: 1917, is also a black male, born in Nigeria.

17.     Plaintiffs were with approximately five (5) relatives and friends in the apartment for
        several hours and while the alleged robbery occurred and the officers were told as such but
        POLICE OFFICER ADEKUNDLE LONGE, SHIELD NO.: 1917, AND NEW YORK CITY
        POLICE OFFICERS JOHN DOES failed to inquire or investigate.

5

18.    POLICE OFFICER ADEKUNDLE LONGE, SHIELD NO.: 1917, had a history of being disciplined for not failing to properly investigate crimes and for failing to follow police guidelines and regulations as well as being accused in at least one prior matter in 2013, of violating a citizen's civil rights.

19.    POLICE OFFICER ADEKUNDLE LONGE, SHIELD NO.: 1917, AND NEW YORK CITY POLICE OFFICERS JOHN DOES   handcuffed Plaintiffs and incarcerated Plaintiffs who were charged with Robbery, Assault and related charges.

20.    The Plaintiffs were ordered held in jail until they could post bail.

21.    Plaintiffs' family could not afford to immediately post bail.  Plaintiff BROWN was incarcerated approximately six (6) weeks and Plaintiff BOUCHET approximately two (2) weeks until their family could raise the necessary funds for bail.

26.    After being compelled to return to Court for three appearances, on January 2, 2018, upon the recommendation of the Bronx County District Attorney, all charges against both Plaintiffs were dismissed.

31.    As of the date of this incident, defendant O'NEILL has failed to implement procedures which were known to defendants that would have eliminated the policy of unlawfully stopping, unlawfully detaining and unlawfully searching African-Americans and other

minorities.

32     Defendants' failure to take such measures, was and is unreasonable conduct and violative of Plaintiff's civil rights as guaranteed by the New York State and United States Constitution.

33     The actions and conduct herein arose from a policy, practice and/or custom in which Defendants, THE CITY OF NEW YORK and O'NEILL knew that the manner in which officers under their control and tutelage were violating citizens' rights in a wholesale fashion in increasing frequency.

34     The actions and conduct herein further arose from a policy, practice and/or custom, in which defendants, THE CITY OF NEW YORK and O'NEILL failed and refused to properly train and supervise police officers with regard to the manner in which they treat and act towards blacks and minorities as opposed to non-minorities.

35     The violation of Plaintiffs' civil rights was far in excess of their rightful authority as NEW YORK CITY POLICE OFFICERS.   Those violations on Plaintiffs were made without proper cause.

36     The false arrest, false imprisonment and humiliation and embarrassment of plaintiff by defendants caused plaintiff to sustain pain and suffering and psychological and emotional

trauma.

## AS AND FOR A FIRST CAUSE OF ACTION

37   Plaintiff repeats all allegations contained in paragraphs "1" through "36" inclusive with the same force and effect as though more fully set forth herein again at length.

38   The defendant's actions as alleged herein were committed under color of law.

39   The actions, conduct and policies, racial profiling and racial animus, practices and/or customs of defendants as described above, violated plaintiff's rights to be free of an unreasonable search and seizure under the Fourth and Fourteenth Amendments to the United States Constitution and to be free of a deprivation of liberty under the Fourteenth Amendment to the United states Constitution and the Civil Rights act of 1871, Title 42 U.S.C. §1983.

40   Additionally, Defendants failed to adequately train the individual officers resulting in a deliberate indifference the rights of Plaintiffs.

41.   Defendants were aware that the individual officers and its police department had notice but failed to make any meaningful investigation into charges that its officers were violating citizens' constitutional rights.

42. The Defendants' practice of racial profiling and of arresting persons of minority descent simply because they are of minority descent has been found to be a fact and has found to have been occurring on a systematic and pervasive basis.   Floyd v. City of New York, 959 F. Supp 540 (SDNY, 2013, Scheindlin, J.).

43.     As a result of the acts alleged herein, Plaintiffs have been damaged in a sum of not less than Five Hundred Thousand ($500,000.0) Dollars.

## AS AND FOR A SECOND CAUSE OF ACTION

44.     Plaintiff repeats all allegations contained in paragraphs "1" through "43" inclusive with the same force and effect as though more fully set forth herein again at length.

45.     Defendants, their agents, servants and employees were reckless, incompetent, and negligent and acted unreasonably and in bad faith in their unlawful detention, seizure and search of Plaintiffs and their possessions.

46      Pursuant to 28 U.S.C. §1367, this Court has pendent or supplemental jurisdiction to hear and adjudicate such claims.

47.     As a result of defendants' actions, Plaintiffs have been damaged in a sum of not less than

Five Hundred Thousand ($500,000.00) Dollars

.

## AS AND FOR A THIRD CAUSE OF ACTION

48.     Plaintiff repeats all allegations contained in paragraphs "1" through "47" inclusive with the same force and effect as though more fully set forth herein again at length.

49.     Defendants' acts in the touching and restraining Plaintiffs were willful and malicious with the intent of causing or threatening to cause plaintiffs bodily harm.

50.     Pursuant to 28 U.S.C. §1367, this Court has pendent or supplemental jurisdiction to hear and adjudicate such claims.

51.     As a result of defendants' actions, Plaintiffs have been damaged in a sum of not less than Five Hundred Thousand ($500,000.00) Dollars.

## AS AND FOR A FOURTH CAUSE OF ACTION

52.     Plaintiff repeats all allegations contained in paragraphs "1" through "51" inclusive with the same force and effect as though more fully set forth herein again at length.

53.     During the course of defendants' actions, Defendants intentionally and maliciously prosecuted, forcibly restrained and imprisoned Plaintiffs and prevented them from moving of their own free will.

54.     Pursuant to 28 U.S.C. §1367, this Court has pendent or supplemental jurisdiction to hear and adjudicate such claims.

55.     As a result of defendants' actions, plaintiff has been damaged in a sum of not less than Five Hundred Thousand ($500,000.0) Dollars.

### AS AND FOR A FIFTH CAUSE OF ACTION

56.     Plaintiff repeats all allegations contained in paragraphs "1" through "55" inclusive with the same force and effect as though more fully set forth herein again at length.

57.     THE CITY OF NEW YORK and its employees, servants and/or agents acting within the scope of their employment did negligently hire, train and supervised defendants POLICE OFFICER ADEKUNDLE LONGE, SHIELD NO.: 1917, AND NEW YORK CITY POLICE OFFICERS JOHN DOES (names and shield numbers of whom are presently unknown) and other unidentified members of THE NEW YORK CITY POLICE DEPARTMENT, who were unfit for the performance of police duties on August 31, 2016 and at other times, at the aforementioned locations.

11

58.   Pursuant to 28 U.S.C. §1367, this Court has pendent or supplemental jurisdiction to hear and adjudicate such claims.

59.   As a result of defendants' actions, plaintiff has been damaged in a sum of not less than Five Hundred Thousand ($500,000.00) Dollars.

## JURY DEMAND

60.   Plaintiff hereby demands trial by jury of all issues properly tribal thereby.

## PRAYER FOR RELIEF

**WHISEFORE,** Plaintiff prays for relief as follows:

1.   This Court issue a declaration that defendants have violated the Plaintiffs' rights under the Fourth and Fourteenth Amendments of the Constitution of the United States and the Civil Rights act of 1871, Title U.S.C. §1983; and

2.   That the jury finds, and the Court adjudge and decree that Plaintiffs shall recover compensatory damages in the sum of not less than Five Hundred Thousand ($500,000.0) Dollars against all defendants jointly and severally.

3.   Order the defendants to pay costs and attorney's fees pursuant to 42 U.S.C. §1983; and

4.   Require the Defendants to pay Plaintiff punitive damages; and

5.   Order any other relief the Court deems appropriate.

Dated:   April 16, 2019

*ELLIOT H. FULD*

_____

ELLIOT H. FULD (EHF 8389)
Attorney for the Plaintiff
930 Grand Concourse-Suite 1G
Bronx, New York 10451
(718) 410-4111