| USDC SDNY |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: _____ |
| DATE FILED:\_\_4/3/2020\_\_\_\_ |



| **JAMES E. JOHNSON** | T**HE** C**ITY OF** N**EW** Y**ORK** | **Katherine J. Weall** |
| *Corporation Counsel* | **LAW DEPARTMENT** | *Senior Counsel* |
| | 100 CHURCH STREET | phone: (212) 356-5055 |
| | NEW YORK, N.Y. 10007 | fax: (212) 356-3509 |
| | | kweall@law.nyc.gov |

April 2, 2020

Honorable Lewis J. Liman **VIA ECF**
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    <u>Robkiem Brown et al. v. City of New York et al.</u>
             19 Civ. 3375 (LJL)

Your Honor:

      I am the Senior Counsel in the Special Federal Litigation Division of the New York City Law Department assigned to defend the above-referenced matter. I write with the consent of my adversary to respectfully request that the Court stay the present civil proceeding in its entirety for ninety (90) days in light of the recent developments surrounding the COVID-19 pandemic. This is the first request for an extension or stay in this case. Currently, depositions are due by May 7, 2020, fact discovery by May 21, 2020, and expert discovery by July 6, 2020. The parties have no scheduled appearances before the Court.

      By way of background, plaintiffs Robkiem Brown and Hassan Bouchet allege that they were falsely arrested and maliciously prosecuted following the robbery of a livery cab driver in the Bronx, a robbery they claim they did not commit.

      As the Court is aware, the country is currently grappling with the COVID-19 pandemic. On March 20, 2020, Governor Andrew Cuomo issued an executive order mandating that all non-essential businesses in New York State close, and that New York residents stay inside their homes unless participating in an essential activity. To comply with the Governor's latest executive order, and in light of pronouncements from other governmental officials, expert recommendations, and the further spread of COVID-19, the New York City Law Department is requiring that the vast majority of its employees, including the undersigned, work from home.

      Of course, working from home creates a number of challenges that directly impact litigation. For example, although most communication may be exchanged through the use of ECF or email, some correspondence, particularly that pertaining to discovery, still requires the use of regular mail. Defendants are not physically present to receive mail sent to the office, and therefore are unable to reliably receive correspondence from plaintiffs. Moreover, working from

home also complicates sending correspondence to plaintiffs, and undermines efforts to keep individuals at home and away from situations that could result in contracting the virus. Working from home also creates complications in regards to coordinating and taking depositions.

Finally, the agencies defendants must regularly communicate and coordinate with, *e.g.*, the New York City Police Department, are facing these same communication and access challenges as they pursue compliance with the Governor's executive order and seek to protect the health and safety of the individuals in their organizations. These challenges have already made the fulfillment of document and information requests delayed or impracticable. Such delays and problems are expected to continue until individuals are allowed to return to their offices.

For the reasons set forth above, this Office respectfully requests that the Court grant a stay of the instant litigation for ninety days in light of the developing situation surrounding COVID-19. This will give this Office the time needed to adjust to these new circumstances.

This Office thanks the Court for its consideration herein.

Respectfully submitted,

/s/ *Katherine J. Weall*

Katherine J. Weall
*Senior Counsel*
Special Federal Litigation Division

cc: Elliot Fuld, Esq. (Via ECF)
*Attorney for Plaintiffs*
930 Grand Concourse, Suite 1G
Bronx, New York 10451

GRANTED. This action is stayed for 90 days from the date of this Order.

The parties shall submit a status update letter to the Court and a new proposed Case Management Plan and Scheduling Order by July 2, 2020.

SO ORDERED. 4/3/2020.

_____
LEWIS J. LIMAN
United States District Judge

- 2 -