```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
ROBKIEM BROWN and HASSAN BOUCHET,                                :
                                                                 :
                           Plaintiffs,                           :
                                                                 :           19-cv-03375 (LJL)
                  -v-                                            :
                                                                 :           MEMORANDUM &
POLICE OFFICER ADEKUNDLE LONGE,                                  :             ORDER
                                                                 :
                           Defendant.                            :
                                                                 :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __7/14/2023__

LEWIS J. LIMAN, United States District Judge:

On July 14, 2023, the Court issued an opinion and order granting in part and denying in part the City of New York, former Police Commissioner James P. O'Neill, and Police Officer Adekunle Longe's motion for summary judgment on the claims of Robkiem Brown and Hassan Bouchet ("Plaintiffs"). Dkt. No. 78. In connection with their arrests on August 31, 2016, Plaintiffs brought claims for false arrest, false imprisonment, malicious prosecution, unlawful search and seizure, and unlawful discrimination. *Id.* The Court denied the motion for summary judgment with respect to Plaintiffs' search-and-seizure claim that they were unlawfully arrested without a warrant. *Id.* at 14. The Court held that there is a disputed issue of fact as whether Plaintiffs were in their home at the time of their arrests and therefore a warrant was required. *Id.* The Court also held that there was a triable issue of fact as to whether Officer Longe was entitled to qualified immunity for the unlawful search and seizure claim. *Id.* at 20–22. The Court, however, granted summary judgment as to all claims against former Commissioner O'Neill and the City of New York and all remaining claims against Officer Longe. *Id.* at 20–24.

On April 13, 2023, after the motion for summary judgment was fully briefed, Plaintiffs filed a letter requesting the appointment of pro bono counsel. Dkt. No. 66.

For the following reasons, Plaintiffs' motion is GRANTED in part.

The courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike criminal cases, in civil cases there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to seek pro bono representation for a civil litigant. *Id.* Even if a court does believe that a litigant should have a free lawyer, it has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore request the services of pro bono counsel sparingly, and with

reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Circuit set forth the factors a court should consider in deciding whether to grant a litigant's request for pro bono counsel. 802 F.2d at 61–62. Of course, the litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed in forma pauperis. The court must then consider whether the litigant's claim "seems likely to be of substance"—"a requirement that must be taken seriously." *Id.* at 60–61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392–93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

Plaintiffs have met these factors. Plaintiffs' representations indicate that they are indigent. They state that they have tried for several years to obtain a lawyer, but have been unable to as most attorneys want payment or demand certain fees. Dkt. No. 77 at ECF p. 2. Moreover, given that the Court has held that Plaintiffs' unlawful search-and-seizure claim against Officer Longe survives summary judgment and should proceed to trial, the Court concludes that this remaining claim is likely to be of substance. *See Genao v. City of New York*, 2023 WL 4080549, at *2 (S.D.N.Y. June 20, 2023). Plaintiffs are also likely to encounter difficulties in litigating this case on their own. If this case proceeds to trial, they will have to cross examine police officers concerning the details of their arrest and otherwise present evidence to a jury. *See Layne v. Panzarella*, 2022 WL 7578885, at *2 (S.D.N.Y. Sept. 26, 2022). Plaintiffs also appear to have very little familiarity with, or understanding of, the law. "Therefore, the Court concludes that, in this case, representation would 'lead to a quicker and more just result by sharpening the issues and shaping examination.'" *Id.* (quoting *Hodge*, 802 F.2d at 61).

For the foregoing reasons, the Clerk of Court is respectfully directed to attempt to locate pro bono counsel to represent Plaintiffs in all remaining aspects of this action in the district court, including settlement, any remaining discovery, and at trial (if the case gets that far). If located, counsel will file a Notice of Appearance as Pro Bono Counsel.

Under the Court's Standing Order regarding the Creation and Administration of the Pro Bono Fund (16-MC-0078), pro bono counsel may apply to the Court for reimbursement of certain out-of-pocket expenses spent in furtherance of plaintiff's case. The Pro Bono Fund is especially intended for attorneys for whom pro bono service is a financial hardship. *See*

https://nysd.uscourts.gov/forms/pro-bono-fund-order.

The Court advises Plaintiffs that there are no funds to retain counsel in civil cases and the Court relies on volunteers.  Due to a scarcity of volunteer attorneys, a lengthy period of time may pass before counsel volunteers to represent Plaintiffs.  If an attorney volunteers, the attorney will contact Plaintiffs directly to determine if each party (Plaintiffs and counsel) desire to go forward with the representation.  There is no requirement on the part of Plaintiffs to retain the counsel who has volunteered.  In identifying counsel to assist with the case, the Clerk of Court makes no representation with respect to the time and resources such counsel will be able to devote to the case.  By the same token, however, there is no guarantee that the attorney who volunteers will decide to take the case even if an attorney agrees to contact Plaintiffs for the purpose of discussing potential representation or that, if Plaintiffs choose not to retain an attorney who volunteers, that any other attorney would be willing to volunteer.  Therefore, Plaintiffs should be prepared to proceed with the case without an attorney.

A status conference will be held telephonically on September 6, 2023 at 3:00 p.m.  That extended date is set in order to afford the Clerk of Court enough time to locate counsel and for that counsel to consult with Plaintiffs.  The parties should call into the Court's dedicated conference line at (888) 251-2909 and enter Access Code 2123101.

SO ORDERED.

Dated: July 14, 2023
      New York, New York

_____
LEWIS J. LIMAN
United States District Judge